# N. Y. COMMON PLEAS.

## FRANCIS BURBRIDGE and another agt. ERASTUS C. MARCY and PETER HART.

*Mechanic's lien — vendor in building loan contract not liable as owner — act of 1863 repealed — Laws 1875, chapter 379.*

The act of 1875 (*Laws of* 1875, *chapter* 379) engrossed the whole subject of mechanics' and material-men's liens, previously the subject of prior statutes, and repealed all such prior statutes on the subject.

The vendor in a building loan contract is not liable as "*owner*" under the act of 1875.

This act effectually limits the right of lien to such interest as the person undertaking to build and entering into contracts to that end possessed, and can in no respect have any retrospective or retroactive operation upon the title of his vendor.

*Special Term, February,* 1878.

*Williamson, Reynolds & Hinrichs,* attorney for plaintiffs.

*Abbett & Fuller,* attorneys for defendant Marcy.

*S. F. Kneeland,* of counsel.

ROBINSON, *J.*— This action was commenced in July, 1877, to foreclose a mechanic's lien claimed to have been imposed in that month by plaintiffs upon certain premises known as No. 108 West Fortieth street, for stone furnished by them in May and June, 1877, towards the erection of a building on the lot, under contract with the defendant Peter Hart, an alleged contractor.

In the notice of lien and complaint the defendant Marcy is alleged to have been the owner, and the lien is sought to be enforced as against his title in the premises as owner in fee

simple and upon alleged contract between him and said Hart, for the erection of said building, whereon it is alleged sufficient was due from him when said lien was imposed to pay plaintiffs' claim. No exception is taken to the sufficiency of the notice of lien in matter of form.

It, however, is clearly established by the evidence, that the defendant Hart, was in no respect a contractor with Dr. Marcy for the erection of the building, but acted therein as agent for his sister, Mrs. Jane Leaycraft, of Troy, under a contract which she had made with Dr. Marcy for the purchase from him of the lot, and for the advance by him, by way of a building loan, of money to enable her to construct the building, to be advanced as the building progressed, which advances, as well as the agreed purchase-money, was, when the building was completed and the deed to be given, to be secured by mortgage on the premises. Within the principle established by the court of appeals in 1854, in the case of *Loonie* agt. *Hogan* (9 *N. Y.*, 435), explanatory of the term *owner*, as used in prior mechanics' lien acts, such relation of the defendant Marcy to Mrs. Leaycraft in no way constituted him, under such a contract, an owner, when the erection contemplated was the subject of contract with him by the person to whom he agreed to sell or confer title, and those claiming to be lienors were acting in furtherance of such agreement of the purchasers. The act of 1863 (*chap.* 500, *sec.* 14), "for the purposes of the act," however, assumed to place such vendor by contract "contingent upon the erection of a building thereon" in the position of owner; and his vendee, as such contractor, in respect to contracts made by the latter for the erection of buildings on the premises agreed to be sold, and consequently, to some extent, subjected the interest of the owner of the land thus contracting, to such contract for the erection of buildings on the premises as were made through his vendee. Without the application of this special provision of section 14 of the act of 1863, and within the principle established by the court of appeals in the

case of *Loonie* agt. *Hogan* (*supra*), Dr. Marcy's relation to the transaction presented by the plaintiff's proofs was in no respect that of owner of the interest in the land upon which any such mechanics or materialmen's lien could attach by or through any presumed agency or acts of the defendant Hart. This act of 1863, as I have had previous occasion to hold in the case of *Diossy* agt. *Martin* (*decided in March*, 1876, *reported in Daily Register, March* 16, 1876), was entirely superseded by the act of 1875 (*chap.* 379), except as specially mentioned.

This latter act engrossed the whole subject of mechanics and materialmen's liens, previously the subjects of prior statutes, and only saved (*sec.* 22) proceedings commenced under them prior to July 1, 1875. By ordinary rules of construction it otherwise repealed all such prior statutes on the subject. The act effectually disposed of any such abnormal relation of a vendor agreeing to sell his land, as liable to have imposed upon it liens for erections therein agreed to be made by his vendee in pursuance of the contract of sale and purchase, and especially confines the lien to such interest in the premises as "belongs to the person who caused such building, improvement or structure to be constructed, altered or repaired; but if such person owned less than a fee simple estate in such land, then only his interest in such land shall be subject to such lien (*act of* 1875, *chap.* 379, *sec.* 3). This effectually limited the right of lien to such interest as the person undertaking to build and entering into contracts to that end then possessed, and could in no respect have any retrospective or retroactive operation upon the title of his vendor. But even if any claim of right can be presented, under the act of 1863, against Dr. Marcy, as owner, the case of *Knapp* agt. *Brown* (45 *N. Y.*, 207), effectually disposes of any such pretension as is made in this case against his title or interest in the land. In that case it is held by the court of appeals that "by the construction of this section (*sec.* 1 *of the act of* 1863) no lien can be created upon the interest of any person as owner of the premises,

Burbridge agt. Marcy.

except such person shall, either himself or by his agent, enter into a contract for doing the work, either express or implied, as the lien is only authorized against the owner, so contracting, from doing the work;" and after reasoning upon the force of section 14, the court says (*p.* 212): " that to authorize the lien (such as is now asserted), there must be an employ-- ment by the owner to create any liability under the act." In this case there was no pretense of any employment of the plaintiff by Dr. Marcy.

Upon his contract with Mrs. Leaycraft, Dr. Marcy simply agreed to make her advances by way of loan, as the buildings progressed. He never owed her any sum whatever. An agreement to loan presents no basis for damages, if broken, except that the interest contracted for is less than that allowed by law. This contract with her furnished no such element of claim for damage. Under these views the interest of the defendant Marcy never became subject to any contract, made by either the defendant Hart or Mrs. Leaycraft; this vendee, for whom Hart acted as agent with this plaintiff, and no lien upon any interest of either defendant in the land, established under the act of 1875.

It only remains to consider whether, in the absence of any existing lien, the court can, under the act of 1875, render any judgment, even as against the defendant Peter Hart. Under the prior act of 1863, this could only be done as against any of the defendants when a lien was established, but it had lapsed *pendente lite* for failure to renew the lien. As to the defendant Hart, who contracted the debt in question without disclosure of his principal, he is, upon the evidence, responsible for the actual amount of stone actually furnished, which, upon the evidence, I find amounts only to seventy-four dollars, with interest.

The complaint should be dismissed upon the merits as to the defendant Marcy, with costs, and judgment given against the defendant Peter Hart for seventy-four dollars, interest and costs, as upon a recovery for a debt for that amount.