FULLER *v.* DETROIT LOAN & BUILDING ASSOCIATION.

1. MECHANICS' LIENS—SUBCONTRACTORS—WHO ARE CONTRACTORS.
   One who deeds mortgaged property to the mortgagee, and takes
   back a land contract for a stated consideration representing
   the amount of the mortgage and a further sum which the
   vendor agrees to furnish him to complete a building erected
   on the premises, does not stand in the position of a contractor
   of the vendor, so as to entitle another, who furnishes labor and
   material at the vendee's request, to a lien as subcontractor,
   under section 1 of the lien law as amended (Act No. 199,
   Pub. Acts 1893).

2. SAME—COMPLETION OF STRUCTURE.
   Nor will the person so furnishing materials to the vendee to
   complete the building be entitled to a lien under section 3
   of the lien law (Act No. 179, Pub. Acts 1891), which gives
   a lien to one furnishing materials for the "erection" of
   a "new building," though the person contracting for such
   erection has not the legal title.

Appeal from Wayne; Daboll, J., presiding.   Submitted
October 5, 1898.   Decided December 28, 1898.

Bill by William P. Fuller against the Detroit Loan &
Building Association, John F. Higginbotham, and Thomas
Y. Leonard, to enforce a mechanic's lien.   From a decree
for complainant, defendant association appeals.   Re-
versed.

*Moore & Moore*, for complainant.

*Levi J. Fick* and *Robert Young*, for appellant.

MONTGOMERY, J.   This is a proceeding to enforce a
mechanic's lien.   The loan and building association had,
prior to April 30, 1896, held a mortgage upon the premises
in question, the fee being in defendant Higginbotham.
On that date Higginbotham deeded to the association,

and a land contract was given back to Higginbotham for the expressed consideration of $3,008.54, which represented the amount of the mortgage, and $800 more. At the same time a supplementary agreement was indorsed on the contract as follows:

"Detroit, Mich., April 30, 1896.

"As a part of the consideration of the land contract hereto attached, the said first party agrees to furnish a sum of money, not to exceed eight hundred dollars, to be used in completing the building on said premises. Said money to be advanced as the work progresses, except that twenty per cent. thereof shall be retained until the building is fully completed. Said second party to pay all expenses, including a reasonable charge for inspection, if desired by said first party.

"The Detroit Loan & Building Ass'n,
"Darius D. Thorp, Prest.,
"J. G. Battelle, Sec'y."

At the time this contract was made, a house had already been erected upon the premises, which was incomplete. The complainant, subsequently, under a contract with Higginbotham, furnished labor and material towards finishing the house. Higginbotham failed to pay, and complainant filed his lien. The bill treats the association as owner and Higginbotham as contractor, and proceeds upon the theory that Fuller is a subcontractor.

Section 1 of the mechanic's lien law provides:

"Every person who shall, in pursuance of any contract, express or implied, written or unwritten, existing between himself as contractor and the owner, part owner, or lessee of any interest in real estate, build, alter, improve, repair, erect, ornament, or put in, or who shall furnish any labor or materials in or for building, altering, improving, repairing, * * * any house, building, * * * or structure, and every person who shall, as subcontractor, laborer, or material man, perform any labor or furnish materials, * * * shall have a lien * * * to the extent of the right, title, and interest of such owner, part owner, or lessee at the time work was commenced or materials were begun to be furnished by the contractor under the original contract." Act No. 199, Pub. Acts 1893.

Was Higginbotham an original contractor, within the meaning of the section? If so, he would, by the terms of the statute, be entitled to a lien as against the loan and building association, and the complainant is entitled to a lien as subcontractor. But we think such was not the relation of the parties. The loan and building association was not entering upon the construction or completion of this building in its own interest. The money which it undertook to advance was to be repaid by Higginbotham, and was in the nature of a loan. The money was withheld, and advanced from time to time as the work progressed, it is true; but this was no more than prudence dictated to insure the safety of the loan. Higginbotham was not the agent of the loan and building association, but contracted on his own behalf and in his own interest. The expenditures might greatly have exceeded the $800 which the association agreed to advance, and the association would have been powerless to prevent it. See *Loonie* v. *Hogan*, 9 N. Y. 435 (61 Am. Dec. 683); *Knapp* v. *Brown*, 45 N. Y. 207, 211; *Pinkerton* v. *Le Beau*, 3 S. Dak. 440; *Burbridge* v. *Marcy*, 54 How. Prac. 446. Cases will be found which indicate a different view, but it will, we think, be found that the statutes of the States in which these cases were decided differ materially from ours. These cases hold, in effect, that, where the construction of a building by a contract purchaser is authorized by the vendor, the lien attaches to the entire land. See *Bohn Manfg. Co.* v. *Kountze*, 30 Neb. 719 (12 L. R. A. 33). We do not think our statute can be construed as creating a lien in such cases, particularly in view of section 3, which reads:

"Any person furnishing services or materials for the erection of a new building or structure upon land to which the person contracting for such erection has no legal title shall have a lien therefor upon such [building] buildings or structure; and the forfeiture or surrender of any title or claim of title held by such contracting person to such land shall not defeat the lien upon such building or structure of such person furnishing services or materials as

aforesaid. In case the property covered by the lien is held by the vendee in a land contract, and he surrenders or forfeits his rights thereunder, the person or persons holding such liens may be subrogated to the rights of such vendee, as his rights existed immediately before such surrender or forfeiture, by performing the covenants contained in such contract within thirty days after such forfeiture or surrender is made." Act No. 179, Pub. Acts 1891.

It appears that the defendant in this case offered to subrogate complainant to the rights of the contract purchaser, but the offer was not acted on. The case does not fall within the provisions of section 3, for the reason that these contracts did not relate to the construction of a new building.

The decree below is reversed, and the bill dismissed, with costs of both courts to the defendant loan and building association.

The other Justices concurred.