PEOPLES STATE BANK OF PONTIAC *v.* RECKLING.

1. HUSBAND AND WIFE—JOINT TENANCY—GARNISHMENT—STATUTES.
   Rent due to husband and wife under lease of property owned by them by entireties and made payable to them as such is not garnishable asset of husband alone (Act No. 212, Pub. Acts 1927).

2. GARNISHMENT.
   Test of right to garnish is whether defendant might have maintained action to recover property from garnishee.

3. HUSBAND AND WIFE—JOINT TENANCY.
   Husband alone may not maintain action to recover rent due and payable under lease to both husband and wife (Act No. 212, Pub. Acts 1927).

Case-made from Wayne; Hawley (Royal A.), J., presiding. Submitted October 7, 1930. (Docket No. 19, Calendar No. 35,113.) Decided December 2, 1930.

Garnishment proceedings by Peoples State Bank of Pontiac against Adelbert B. Loeffler, principal defendant, and Enwright W. Reckling, garnishee defendant. Garnishee defendant reviews judgment for plaintiff by case-made. Reversed.

*Jorgenson, Alexander & Matheny (Carl C. Matheny,* of counsel), for plaintiff.

*Shapero & Shapero (Nelson S. Shapero,* of counsel), for defendant.

CLARK, J. Adelbert B. Loeffler and Delia B. Loeffler, his wife, owned in fee simple and as tenants

by the entirety premises in Detroit. On November 3, 1928, they leased the same to Goetz, who assigned to appellant Reckling. They leased as husband and wife, both signing the writing, and the rent is payable to them as such.

Plaintiff has a judgment against the husband, Adelbert B. Loeffler, on which it brought garnishment directed to the tenant, Reckling, who had in his hands at the time of service of the writ the sum of $75 due to Loeffler and his wife under the terms of the lease.

Upon trial of the issue the court found the $75 to be a garnishable asset as against Adelbert B. Loeffler, the husband, and that he—

"As head of such household, had such right and interest in said rents that a judgment creditor in adversary proceedings can have the same appropriated to his use to pay or apply upon the payment of such judgment."

Plaintiff had judgment accordingly against Reckling, garnishee defendant, who reviews on case-made.

Act No. 212, Pub. Acts 1927, provides:

"All bonds, certificates of stock, mortgages, promissory notes, debentures, or other evidences of indebtedness hereafter made payable to persons who are husband and wife, or made payable to them as endorsees or assignees, or otherwise, shall be held by such husband and wife in joint tenancy unless otherwise therein expressly provided, in the same manner and subject to the same restrictions, consequences and conditions as are incident to the ownership of real estate held jointly by husband and wife under the laws of this State, with full right of ownership by survivorship in case of the death of either."

The statute necessitates reversal.   See *Detroit & Security Trust Co.* v. *Kramer,* 247 Mich. 468.

Moreover, the test in these cases is whether the defendant might have maintained an action to recover the property from the garnishee.   *Nessen Lumber Co.* v. *Bennett Lumber Co.*, 223 Mich. 349. As the lease reserved rent and made it payable to both the husband and wife, a suit to recover the rent could not be maintained by the husband alone. *Battjes Fuel & Building Co.* v. *Milanowski,* 236 Mich. 622.

Reversed without new trial.   Costs to appellant.

WIEST, C. J., and BUTZEL, MCDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.