CREW *v.* ZABOWSKY.

CHRYSLER CORPORATION, GARNISHEE.

1. JUDGMENT—VACATION—DISCRETION OF COURT.

A motion to vacate a judgment is addressed to the discretion of the trial court whose order thereon will not be reversed on appeal to the Supreme Court except in the case of a clear abuse of discretion.

2. GARNISHMENT—VACATION OF JUDGMENT—DISCRETION OF COURT.

Trial court's vacation of judgment against garnishee defendant, a corporation, upon latter's showing by employees' affidavits that the garnishee defendant had, through an error, confused the names of 2 of its creditors and had wrongfully filed a disclosure admitting liability to the principal defendant, when, in fact it owed nothing to that defendant *held*, not an abuse of discretion.

3. SAME—DISCLOSURE—DEFAULT—JUDGMENT.

A *judgment* entered against a garnishee defendant who had filed a disclosure was not a default judgment, since the disclosure constituted an answer, hence, the 4-months' rule applicable to default judgments does not apply (CL 1948, § 628.42; Court Rule No 28, § 4 [1945]).

4. JUDGMENT—DEFAULT.

A defendant who omits to plead within the time allowed therefor "makes default" and the judgment entered is a judgment by "default."

5. GARNISHMENT—VACATION OF JUDGMENT—LACHES—RECORD.

Plaintiff's claim that garnishee defendant was guilty of laches in not moving to set aside judgment against it until approximately 5 months had elapsed, not sustained by the trial court, is not upheld by Supreme Court under record showing interim correspondence and negotiation between ' attorneys for plaintiff and garnishee defendant, hence, order setting aside the judgment and permitting filing of an amended disclosure denying liability is affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 30A Am Jur, Judgments § 632.
[2] 5 Am Jur, Attachment and Garnishment § 738.

Appeal from Wayne; Ferguson (Frank B.), J.
Submitted June 4, 1959. (Docket No. 28, Calendar
No. 47,967.) Decided November 24, 1959.

Action by Fred W. Crew against Cass Zabowsky
and others, doing business as Paramount Die Cast-
ing Products Company, resulted in judgment for
plaintiff, following which garnishment was issued
and judgment was taken against Chrsyler Corpora-
tion, a Delaware corporation, on its disclosure. Or-
der entered setting aside judgment against garnishee
defendant and permitting it to file amended dis-
closure. Plaintiff appeals. Affirmed.

*Louis Rosenzweig,* for plaintiff.

*Dickinson, Wright, Davis, McKean & Cudlip*
(*Charles R. Moon* and *George E. McKean,* of coun-
sel), for garnishee defendant.

KAVANAGH, J. Plaintiff commenced suit against
the principal defendants by summons, filed his decla-
ration and secured a default judgment. Thereafter,
on February 7, 1958, plaintiff caused a writ of gar-
nishment to be issued against Chrysler Corporation,
defendant and appellee.

On February 24, 1958, Chrysler Corporation filed
its disclosure admitting an indebtedness to the prin-
cipal defendants in the sum of $1,117.84, subject to
a prior garnishment in the sum of $182.95.

On February 25, 1958, a motion for judgment upon
the disclosure was filed and served upon Chrysler
Corporation. No answer having been filed or denial
of liability having been made, judgment was entered
against the garnishee defendant in the amount of
$929.99, together with costs in the sum of $4.90.

On March 3, 1958, plaintiff's attorney sent Chrysler
Corporation a copy of the order of judgment entered

against it upon the disclosure, together with satisfaction of judgment, requesting that a check for the amount of the judgment be mailed to the attorney. Again, on April 7, 1958, plaintiff's attorney wrote Chrysler Corporation informing the garnishee defendant that the time for appeal had expired and requesting payment.

On April 14, 1958, a letter was mailed from the legal department of Chrysler Corporation to plaintiff's attorney advising him that by a clerical error an erroneous disclosure had been filed and that actually there was no indebtedness due. This letter read, in part, as follows:

"As I mentioned to you in our telephone conversation a few weeks ago, it was not until judgment had been taken against Chrysler Corporation as garnishee defendant that we discovered our disclosure was incorrect. * * * If you desire, we will file an amended disclosure denying liability in this case."

On April 28, 1958, plaintiff's attorney responded to the letter. He advised garnishee defendant that there was nothing he could do in the matter and requested that Chrysler Corporation send a check in accordance with the judgment.

On May 19, 1958, present counsel was substituted for plaintiff's original attorney, and on June 10, 1958, plaintiff, through his present counsel, filed a petition to set aside and cancel the satisfaction of judgment, which in the interim had been filed by garnishee defendant.

On July 10, 1958, a stipulation was entered into between counsel for plaintiff and garnishee defendant setting aside and cancelling the satisfaction of judgment, and an order setting aside the satisfaction of judgment was entered.

On July 22, 1958, garnishee defendant filed a motion to set aside the judgment and for leave to file an amended disclosure. Plaintiff filed an answer to this motion denying garnishee defendant's right to have the motion set aside on the grounds that time for appeal had elapsed, and assuming the judgment to be a default judgment, more than 4 months had elapsed since the entry of judgment; that it was final and could not be set aside under the court rules; and, also, that the garnishee defendant was guilty of laches in failing to take any steps to file an amended disclosure after having knowledge of its error in admitting liability.

The circuit judge, following hearing on the motion, granted the motion and entered an order setting aside the judgment and permitting the filing of an amended disclosure denying liability. From this order plaintiff appeals, claiming the court erred in setting aside the judgment and permitting the filing of an amended disclosure.

A motion to vacate a judgment is addressed to the discretion of the trial court and except in the case of a clear abuse of discretion will not be reversed on appeal to this Court. *Fort Wayne & Belle Isle R. Co.* v. *Wayne Circuit Judge,* 110 Mich 173; *Alspaugh* v. *Ionia Circuit Judge,* 126 Mich 67; *J. L. Hudson Co.* v. *Barnett,* 255 Mich 465; *Mack International Truck Corp.* v. *Palmer,* 259 Mich 234.

The motion of Chrysler Corporation and the 2 affidavits of Chrysler's employees fully stated the grounds for such relief, which in substance were that the garnishee defendant had, through an error, confused the names of 2 of its creditors and had, therefore, wrongfully filed a disclosure admitting liability to the principal defendant, when, in fact, there were no funds in its possession due to the said defendant.

It is also apparent that representatives of Chrysler's legal department notified plaintiff's original attorney that the error had been made and that reliance was made upon the telephone conversation and letter with reference to the error and the offer to file an amended disclosure if needed.

This Court in the case of *Kirn* v. *Ioor,* 266 Mich 335, 338, said:

"It is long-settled textbook law, sustained by abundant decisions in this Court and elsewhere that, in cases within jurisdiction of the trial court, its ruling on application for an order setting aside a judgment or decree is strictly discretionary and will not be disturbed by an appellate court, unless a clear instance of abuse of discretion is shown."

The contention of plaintiff that the judgment entered was a default judgment, consequently subject to the 4-months' rule,* and cannot be set aside except upon the showing that the default was entered irregularly, cannot be sustained.

Justice Montgomery, speaking for the Court in *Leahy* v. *Wayne Circuit Judge,* 144 Mich 304, 307 (115 Am St Rep 443), said:

"An issue of fact was joined between the parties, the case was regularly set and called for trial. We do not understand that a judgment by default properly speaking is entered in such circumstances. It is incumbent upon the plaintiff in such a case to make proof of his title. Such was the practice pursued in this case. Judgment was not pronounced upon defendants' default, but upon the case made by plaintiff's proofs. The term 'default' has been often loosely used."

Justice Montgomery then proceeded to quote from Anderson's Law Dictionary with reference to the word "default" as follows (p 307):

---

* See Court Rule No 28, § 4 (1945).—Reporter.

" 'When a defendant omits to plead within the time allowed for that purpose or fails to appear at the trial he "makes default" and the judgment entered in the former case is a judgment by default.' "

In the instant case the disclosure constituted an answer and became a part of the proofs of plaintiff. The judgment was not a default judgment.

CL 1948, § 628.42 (Stat Ann § 27.1896) reads as follows:

"Any judgment or final order in a suit in garnishment may be set aside or removed to the Supreme Court, in like manner and with the same effect as in other personal actions."

Appellant contends garnishee defendant was guilty of laches for failing to file an amended disclosure and for failing to move to set aside the judgment until approximately 5 months had expired. The trial court thought otherwise. With this we agree, particularly in view of the fact that the attorney for plaintiff and the legal department of Chrysler Corporation were in the interim corresponding and negotiating with reference to disposition of the matter.

The order setting aside the judgment and permitting filing of an amended disclosure is affirmed, with costs in favor of defendant-appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.