EASTERN CONSTRUCTION COMPANY v COLE

1. ACTION—INTERVENOR—DISCRETION—COURT RULES.

The determination of whether to allow a party to intervene in an action as of right rests in the sound discretion of the trial court and is governed by court rule (GCR 1963, 209.1).

2. ACTION—INTERVENOR—MECHANICS' LIENS—HOME IMPROVEMENTS—LAND CONTRACTS—FORECLOSURE OF LAND CONTRACT.

A party who received title to premises from a land contract vendor after the vendees' default on the contract and after the circuit court entered a judgment foreclosing a mechanic's lien on the premises against the vendees because the vendees had failed to pay for home improvements made to the home on the premises, was properly permitted to intervene in the mechanic's lien foreclosure action as a matter of right where the lienholder caused a judicial sale of the property to be held and used this sale as a basis for eviction proceedings against the new titleholder.

3. MECHANICS' LIENS—STATUTES—CONSTRUCTION OF STATUTES.

The mechanic's lien statute is strictly construed in determining whether or not a lien attaches; however, once the lien is deemed to have attached, a liberal construction of the statute is given in order to fulfill its remedial character (MCLA 570.1).

4. MECHANICS' LIENS—CONTRACTS—LAND CONTRACTS—FOREFEITURE OF LAND CONTRACT—VENDEE'S INTEREST.

A mechanic's lien which arose after a construction company contracted with land contract vendees for home improvements and which was filed and recorded against the real estate because the vendees had failed to pay after the work was completed, did not attach to the title but rather only to the vendees' land contract interest in the real estate; therefore, when the vendees defaulted on the land contract and the

REFERENCES FOR POINTS IN HEADNOTES

[1] 59 Am Jur 2d, Parties §§ 131, 175.
[2, 4, 5] 59 Am Jur 2d, Parties § 152.
[3] 53 Am Jur 2d, Mechanics' Liens §§ 17–25.

contract was forfeited, the vendees' interest in the property and the lien which was based upon the vendees' interest were extinguished and there was no lien interest for foreclosure.

5. MECHANICS' LIENS—BUILDINGS—CONTRACTS—LAND CONTRACTS—FORFEITURE OF LAND CONTRACT—STATUTES.

A construction company which furnishes services or material to a nontitleholder of the property on which the services or materials are to be applied to the improvement of an existing structure cannot claim a mechanic's lien against the building alone when the nontitleholder fails to pay after the work is completed; a mechanic's lien will arise against a building and will not be defeated by a surrender or forfeiture of interest or title only where the services or materials have been furnished for the erection of a *new* building or structure (MCLA 570.3).

Appeal from Macomb, Howard R. Carroll, J. Submitted Division 2 November 26, 1973, at Detroit. (Docket No. 16055.) Decided March 27, 1974.

Complaint by Eastern Construction Company against Richard S. Cole and Faith A. Cole, and Leader Investment Company, to foreclose a mechanic's lien. Judgment for plaintiff and suit dismissed with prejudice as to Leader. Judicial deed issued to plaintiff after judicial sale of property. Motion by Norman Pfaff to intervene as a defendant, to have the judgment set aside, to have the judicial deed vacated, and to have a rehearing of the entire matter granted. Judgment setting aside previous judgment and vacating deed. Plaintiff appeals. Affirmed.

*Anthony B. Roshak,* for plaintiff.

*Reid, Gilmore & Reid,* for intervening defendant.

Before: V. J. BRENNAN, P. J., and T. M. BURNS and VAN VALKENBURG,* JJ.

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

T. M. Burns, J. This case presents a novel situation regarding the application and scope of a mechanic's lien.

On June 20, 1967, the defendants Richard and Faith Cole entered into a written agreement with the plaintiff Eastern Construction Company (hereinafter referred to as Eastern) for home improvements to property occupied by the Coles. The Coles were land contract vendees of this property and defendant Leader Investment Company (hereinafter referred to as Leader) was the land contract vendor and held the title to the property. However, Leader was not involved in any way with the home improvement contract.

Eastern commenced work on the home improvements and fully performed and completed its work per the terms of the written agreement on or about August 25, 1967. The Coles, however, failed to pay Eastern in accordance with the agreement. As a result Eastern timely filed and recorded a mechanic's lien on the property occupied by the Coles.

Subsequently on December 21, 1967, Eastern instituted the present action against the Coles and Leader to foreclose the mechanic's lien. Eastern also recorded a *lis pendens* in the register of deeds office. While the suit was pending, Leader notified Eastern that the Coles' land contract was in default and had been forfeited. On September 12, 1969, Leader conveyed title to the premises to Norman Pfaff, the intervening defendant.

Eastern's mechanic's lien action came on for trial May 1, 1969. Neither the Coles nor their attorney appeared to defend the suit. Thereafter on May 5, 1969, the circuit court entered a judgment foreclosing the mechanic's lien. Eastern and Leader stipulated and agreed through their respec-

tive attorneys that the suit as to Leader was to be dismissed with prejudice. A judicial sale of the property was held and a deed granting the "land and premises" to Eastern was issued on September 9, 1969. Defendant Pfaff who had received title to the property from Leader upon the Coles' default on the land contract moved to intervene as of right pursuant to GCR 1963, 209.1 on April 4, 1972. Defendant Pfaff sought to have the judgment foreclosing the mechanic's lien set aside, the judicial deed vacated, and a rehearing of the entire matter. After considering defendant Pfaff's motion, the circuit court granted the motion to intervene and granted a rehearing. Following the rehearing, the circuit court entered a new judgment setting aside the previous judgment and vacating the judicial deed granting the property to Eastern. Eastern now appeals. Of the numerous issues raised by the parties, we find three to be decisional and they will be discussed and decided in the manner presented below.

1. *Did the trial court err in permitting defendant Pfaff to intervene as a matter of right?*

Eastern contends that defendant Pfaff should not have been allowed to intervene in the present suit because the application for intervention was not timely made. To support this argument Eastern points out that the judgment foreclosing the mechanic's lien was entered on May 5, 1969, whereas the application for intervention was not made until almost three years later on April 4, 1972. Under the facts of this case, we find Eastern's contention to be without merit.

The determination of whether to allow a party to intervene as of right rests with sound discretion of the trial court and is governed by GCR 209.1, which provides in relevant part:

".1 Intervention of Right. Anyone shall be permitted to intervene in an action

\*  \*  \*

"(3) upon timely application when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant may be bound by a judgment in the action; or

"(4) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property which is in the custody or subject to the control or disposition of the court or officer thereof."

In May of 1969, shortly after the judgment foreclosing the mechanic's lien was entered, Eastern agreed with Leader who held the title to the Coles' property to dismiss the suit with prejudice as to Leader. Moreover Eastern admitted that its lien claim was limited to the Coles' interest in the property. Notwithstanding the foregoing stipulation and admission, Eastern caused a judicial sale of the property to be held in which Eastern was named as the grantee. Eastern has used this judicial sale as a basis for eviction proceedings against defendant Pfaff claiming that Pfaff is a trespasser and that Eastern is entitled to the premises. To adopt Eastern's position opposing the intervention of defendant Pfaff would result in sanctioning Eastern's right to pursue the eviction proceedings against Pfaff and yet at the same time deny Pfaff the right to intervene in the suit from which the eviction action stems. The injustice of Eastern's position is patent. From the facts outlined above, it is readily apparent, particularly in view of the eviction proceedings which were predicated upon the mechanic's lien action, that defendant Pfaff was adversely affected by Eastern's mechanic's lien suit. We hold, therefore, that the circuit court did not err by allowing defendant Pfaff to intervene.

2. *Does Eastern have any lien rights in the property formerly occupied by the Coles?*

The mechanic's lien statute is strictly construed in determining whether or not a lien attaches. Once the lien is deemed to have attached, however, a liberal construction of the statute is given in order to fulfill its remedial character. *Wallich Lumber Company v Golds,* 375 Mich 323; 134 NW2d 722 (1965).

The mechanic's lien statute as applicable to the instant case provides in relevant part:

"Every person who shall, in pursuance of any contract, express or implied, written or unwritten, existing between himself as contractor, and the owner, part owner or lessee (which includes land contract purchasers, see MCLA 570.29; MSA 26.309) of any interest in real estate, build, alter, improve, repair, erect, ornament or put in * * * or who shall furnish any labor or materials in or for building, altering, improving, repairing, erecting, ornamenting or putting in any house * * * shall have a lien therefor * * * to the extent of the right, title and interest of such owner, part owner or lessee at the time work was commenced * * * ." MCLA 570.1; MSA 26.281.

Here Eastern contracted with the Coles for the home improvements. At the time the work commenced, the Coles were land contract vendees and as such did not have title to the premises. Thus pursuant to the statute arrayed above, Eastern's mechanic's lien did not attach to the title but rather only to the Coles' land contract interest in the property. Therefore inasmuch as Eastern could have no greater interest in the property than the parties with whom it contracted, it follows that when the Coles defaulted on the land contract and the contract was forfeited, the Coles' interest in the property and likewise Eastern's lien which was

based upon the Coles' interest were extinguished. Consequently Eastern did not have a lien interest on which to foreclose. For a similar result involving the construction of a new building see *Scales v Griffin,* 2 Doug 54 (Mich, 1845).

Eastern contends, however, that its lien interest was not on both the land and the building but was confined to the building alone, and that the Coles' forfeiture did not affect its mechanic's lien.

The cases relied on by Eastern to support its argument speak in terms of new buildings or structures. In this regard MCLA 570.3; MSA 26.283 provides:

"Any person furnishing services or materials or renting or leasing contractor's equipment for the erection of a *new* building * * * or structure upon land to which the person contracting for such erection has no legal title * * * shall have a lien therefor upon such buildings * * * or structure; and the forfeiture or surrender of any title or claim of title held by such contracting person * * * shall not defeat the lien upon such building or structure of such person furnishing services or materials as aforesaid." (Emphasis supplied.)

Strictly construing the foregoing statutory language as we are bound to do in order to ascertain whether Eastern had a lien only upon the building, it is readily apparent that where a party furnishing services or material contracts with a nontitleholder of the property on which the services or materials are to be applied, a mechanic's lien will arise against the building and will not be defeated by a surrender or forfeiture of interest or title only where the services or materials have been furnished for the erection of a *new* building or structure. *Fuller v Detroit Loan & Building Ass'n,* 119 Mich 71; 77 NW 642 (1898).

As previously recounted, the Coles with whom

Eastern contracted to make the home improvements were land contract vendees and as such were nontitleholders. The services and materials furnished by Eastern were not for the erection of a new building or structure but for the improvement of an existing structure. Therefore under the plain terms of MCLA 570.3; MSA 26.283, which creates a mechanic's lien only in favor of a party furnishing services and materials for the erection of a new structure or building, it is patent that Eastern's claim for a lien against the building alone must also fail.

For all the reasons delineated above, we hold that Eastern has no mechanic's lien interests remaining in the property formerly occupied by the Coles and now in the possession of intervening defendant Pfaff.

3. *Did the trial court err (1) in setting aside the judgment foreclosing the mechanic's lien, (2) in vacating the judicial deed, and (3) in dismissing the eviction proceedings?*

Having concluded that Eastern does not have any mechanic's lien interests in the property in question, it is clear that the trial court did not err in setting aside the judgment in favor of Eastern foreclosing the lien, in vacating the judicial deed granting the premises to Eastern, and by dismissing the eviction proceedings which were based upon the judgment foreclosing the mechanic's lien.

Affirmed, costs awarded to the intervening defendant.

All concurred.