## SNB BANK AND TRUST v KENSEY

Docket No. 77456. Submitted March 6, 1985, at Grand Rapids.— Decided September 17, 1985. Leave to appeal applied for.

Plaintiff, SNB Bank and Trust, brought an action in the Calhoun Circuit Court against defendant, Kenneth R. Kensey, seeking to collect on a promissory note. Defendant defaulted and the plaintiff entered a default judgment against him. Plaintiff then filed writs of garnishment against the garnishee-defendants, Muir Company and G & R Felpausch Company, alleged debtors of the defendant. Felpausch timely filed a garnishee disclosure claiming that it owed nothing to defendant. Muir failed to file a disclosure and a default judgment was taken against it. Six days later, Muir filed a motion to set aside the default judgment. The motion was accompanied by an affidavit by Muir's Vice-President claiming that Muir owed no money to defendant. The trial court, Paul Nicolich, J., granted the motion to set aside the default judgment. Muir then filed a disclosure stating that it owed no money to defendant. Prior to this time Battle Creek Venture had filed a motion to intervene, which

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] Am Jur 2d, Appeal and Error §§ 772-775.
Am Jur 2d, Judgments §§ 682.
Appealability of order setting aside, or refusing to set aside, default judgment. 8 ALR3d 1272.

[3] Am Jur 2d, Attachment and Garnishment § 331.
Am Jur 2d, Parties §§ 202-206.
See the annotations in the ALR3d/4th Quick Index under Attachment and Garnishment; Third-party Proceedings.

[4] Am Jur 2d, Parties §§ 171-184.
See the annotations in the ALR3d/4th Quick Index under Intervention.

[5] Am Jur 2d, Courts §§ 82-86.
See the annotations in the ALR3d/4th Quick Index under Rules of Civil Procedure; Rules of Court.

[6] Am Jur 2d, Attachment and Garnishment §§ 408 et seq.
See the annotations in the ALR3d/4th Quick Index under Attachment and Garnishment.

[7, 8] Am Jur 2d, Husband and Wife §§ 55-76.
See the annotations in the ALR3d/4th Quick Index under Entireties, Estates by.

was opposed by plaintiff. The trial court granted the motion to intervene at the same hearing at which it was decided that the Muir default judgment should be set aside. Plaintiff and Battle Creek Venture thereafter filed motions for summary judgment. The trial court granted summary judgment in favor of Battle Creek Venture and held that that finding rendered plaintiff's motion for summary judgment moot. An order of summary judgment was entered and certified as a final judgment. Plaintiff appeals and Felpausch and Battle Creek Venture cross-appeal from the order for summary judgment for Battle Creek Venture. *Held:*

1. The Court of Appeals determined that under the circumstances of this case it would treat plaintiff's claim of appeal as an application for leave to appeal and grant leave to appeal. Therefore, the Court stated that it would reach the merits of all of plaintiff's claims.

2. The trial court did not abuse its discretion in setting aside the default judgment.

3. The trial court did not err in granting Battle Creek Venture's motion to intervene. Substantial justice was served by allowing Battle Creek Venture to intervene. An overly technical reading of the pleading requirements regarding a motion to intervene would not serve justice, nor is it required in order or preserve the rights of the plaintiff. The motion to intervene was not untimely.

4. The trial court did not abuse its discretion in setting aside its order of April 27, 1983, which ordered that Felpausch make all future rental payments to the Calhoun County Clerk.

5. Plaintiff's argument that Battle Creek Venture, as an intervening party, had no standing to raise the claim that rental payments accruing to the defendant and his wife were from entireties property and therefore exempt from garnishment by plaintiff, a creditor of the husband only, was not preserved for appeal. The Court of Appeals indicated that, were it to consider the issue on its merits, it would conclude that Battle Creek Venture had standing to raise the issue.

6. The trial court did not err in holding that rent from property held as an estate by the entireties by a husband and wife may not be garnished by the creditors of only one of the spouses.

7. The trial court acted properly in granting summary judgment in favor of Battle Creek Venture and, thus, in favor of the garnishee-defendants and against plaintiff.

Affirmed.

1. JUDGMENTS — APPEAL.

> The decision to set aside a judgment or default judgment is within the trial court's sound discretion and will not be reversed unless a clear abuse of that discretion is shown.

2. JUDGMENTS — DEFAULT JUDGMENTS — APPEAL — COURT RULES.

> A default judgment may not be set aside unless there is a showing of good cause and unless an affidavit of facts showing a meritorious defense is filed; good cause is shown when permitting the judgment to stand would result in manifest injustice (GCR 1963, 520.4; MCR 2.603[D]).

3. GARNISHMENT — PARTIES — IMPLEADING — COURT RULES.

> A court rule regarding garnishment provides that if a person other than the plaintiff and the principle defendant claims any of the funds in issue the court may order that third-party claimant impleaded (GCR 1963, 738.9[2]; MCR 3.101[J]).

4. MOTIONS AND ORDERS — INTERVENTION — COURT RULES.

> A motion for intervention is to be accompanied by a pleading setting forth the claim or defense for which intervention is sought (GCR 1963, 209.3).

5. COURTS — COURT RULES — JUDICIAL CONSTRUCTION.

> The court rules are to be construed so that defects in the proceedings do not affect the substantial rights of the parties (GCR 1963, 13; MCR 1.105).

6. JUDGMENTS — ORDERS — GARNISHMENT — APPEAL.

> A judgment or final order in a garnishment action may be set aside in the same manner as in any other civil action (GCR 1963, 738.13[6]; MCR 3.101[O]).

7. ESTATES IN PROPERTY — TENANCY BY THE ENTIRETY.

> The presence of a question as to the existence of an estate by the entireties raises a presumption that when a property is held by both a husband and wife it was intended to create a tenancy by the entirety.

8. ESTATES IN PROPERTY — ESTATES BY THE ENTIRETIES — GARNISHMENT.

> Rents from property held as an estate by the entireties by a husband and wife are not subject to garnishment to pay the debts of one spouse.

*Vern J. Steffel, Jr.,* for SNB Bank and Trust.

*Warner, Norcross & Judd* (by *Richard L. Bouma*), for Muir Company.

*Siegel, Hudson, Gee, Shaw & Fisher* (by *Richard H. Shaw*), for G & R Felpausch Company.

*Howard & Howard* (by *John W. Allen, Richard D. Fries* and *Joseph B. Hemker*), for Battle Creek Venture.

Before: Hood, P.J., and MacKenzie and R. D. Dunn,* JJ.

Per Curiam. Plaintiff, SNB Bank and Trust, appeals as of right and garnishee-defendant G & R Felpausch Company and intervenor, Battle Creek Venture, cross-appeal as of right from an order of partial summary judgment in favor of Battle Creek Venture. The judgment was certified as a final order pursuant to GCR 1963, 518.2.

This litigation started when plaintiff filed a complaint against defendant, Kenneth R. Kensey, for collection of a promissory note of $29,364.16, including interest. Defendant defaulted and plaintiff entered a default judgment against him. Plaintiff then pursued garnishment against defendants Felpausch and Muir Company, alleged debtors (lessees) of defendant, by filing writs of garnishment.

Felpausch timely filed a garnishee disclosure claiming that it owed nothing to defendant. In subsequent discovery, Felpausch stated that nothing was owed to defendant under its lease with defendant because defendant's interest as landlord was assigned to Battle Creek Venture, and that, pursuant to a rental collection agreement, payments were made to Gary National Bank in Indiana.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Muir failed to file a disclosure and a default judgment was taken against it for $31,244.03. Six days after the default judgment was entered against it, Muir filed a motion to set aside the default judgment. That motion was accompanied by an affidavit of John Muir, Muir's Vice-President. The affidavit gave a reason for Muir's failure to respond to the writ of garnishment and also alleged that to the best of its knowledge, Muir owed no money to defendant Kensey. The trial court granted the motion to set aside the default judgment. Muir then filed a disclosure stating that it owed no money to defendant. Muir stated that its sole relationship with Kensey was as a tenant under a lease and that defendant's interest in the lease had been assigned to Battle Creek Venture.

Prior to entry of the order setting aside the default judgment against Muir, Battle Creek Venture had filed a motion to intervene, which was opposed by plaintiff. The trial court granted the motion to intervene at the same hearing at which it decided that the Muir default judgment should be set aside.

Plaintiff then filed a motion for summary judgment under GCR 1963, 117.2(3) and Battle Creek Venture filed a motion for summary judgment in its favor pursuant to GCR 1963, 117.2(1). In a written opinion, the trial court granted summary judgment in favor of Battle Creek Venture and held that that finding rendered plaintiff's motion for summary judgment moot. An order of judgment was entered on March 14, 1984, and certified as a final judgment pursuant to GCR 1963, 518.2. This appeal and these cross-appeals followed.

Before turning to the issues raised by the parties, we will first address a question not addressed by the parties going to whether plaintiff may properly raise in this appeal issues surrounding

the trial court's grant of the order setting aside the default as to Muir and its grant of the motion to intervene by Battle Creek Venture.

Plaintiff's appeal as of right is from the grant of partial summary judgment for Battle Creek Venture which was certified as final pursuant to GCR 1963, 518.2, and, therefore, should normally be limited to only those issues which may be raised under the specific order which has been certified, the partial summary judgment order, and not the previous orders setting aside default judgment and allowing intervention. These are interlocutory orders not appealable as of right until a final order disposing of the entire case is entered. The partial summary judgment order did, however, have the effect of disposing of all the issues of all parties to the garnishment action.

Under these circumstances and in the interest of judicial economy, we will treat the claim of appeal here as an application for leave to appeal and grant same. We will therefore reach the merits of all of plaintiff's claims. *Guzowski v Detroit Racing Ass'n, Inc,* 130 Mich App 322, 326; 343 NW2d 536 (1983).

Plaintiff first claims that the trial court abused its discretion in setting aside the default judgment against Muir. The decision to set aside a default judgment is within the trial court's sound discretion and will not be reversed unless a clear abuse of that discretion is shown. *Yenglin v Mazur,* 121 Mich App 218, 221; 328 NW2d 624 (1982). A default judgment may not be set aside, however, unless there is a showing of good cause and unless an affidavit of facts showing a meritorious defense is filed. GCR 1963, 520.4 (now MCR 2.603[D]). In this case, plaintiff entered a default judgment against Muir nine days after Muir's response was due, and Muir moved almost immediately to set

aside the default judgment. Although the "administrative oversight" cited by Muir might well be classified as mere negligence and not good cause, good cause is also shown when permitting the judgment to stand would result in manifest injustice. *Daugherty v Michigan (After Remand),* 133 Mich App 593, 598; 350 NW2d 291 (1984).

Muir raised as a defense that it owed defendant no money and thus had no money to turn over to plaintiff in the garnishment action. If this was true, then, clearly, justice would not be served by demanding that Muir pay a judgment since it had nothing to do with defendant's original default or failure to pay the note nor has any monies owing defendant against which it can set off the judgment.

The trial court did not abuse its discretion in finding that Muir had shown good cause to set aside the default.

Plaintiff also argues that Muir's affidavit setting forth a meritorious defense was inadequate as it was merely conclusory without bearing specific facts. We disagree. The affidavit stated that Muir reviewed its accounts payable and its business records and found no record of any monies being due and owing defendant. The affidavit also indicated that Muir's rent liability is to a party other than defendant, namely Battle Creek Venture. This is a sufficient allegation of facts to establish a meritorious defense. Although it is certainly true that in the actual litigation additional facts would have to be brought forth concerning its liabilities, if any, to defendant, those facts would naturally be developed during the course of discovery and at trial, rather than in the initial affidavit.

We find no abuse of discretion in the setting aside of the default judgment.

Plaintiff next argues that the trial court erred in

granting Battle Creek Venture's motion to intervene. We disagree.

GCR 1963, 738.9(2) (now MCR 3.101[J]) provides that if a person other than the plaintiff and the principle defendant claims any of the funds in issue, the court may order that third-party claimant impleaded. It was therefore appropriate for the trial court to order Battle Creek Venture impleaded, even in the absence of a motion to intervene by Battle Creek Venture. At the very worst, therefore, the trial court may have reached the correct result for the wrong reason or under an incorrect court rule citation.

Plaintiff also argues that even if intervention was allowable under GCR 1963, 209, Battle Creek Venture failed to comply with the requirement of GCR 1963, 209.3 that its motion for intervention be accompanied by a pleading setting forth the claim or defense for which intervention is sought. The only document filed by Battle Creek Venture with its motion for intervention was an affidavit in support of that motion. However, that affidavit does set forth Battle Creek Venture's claim or defense, namely that it, and not defendant, is entitled to the rents which plaintiff is seeking to garnish.

Although Battle Creek Venture's affidavit certainly was not a "pleading" within the meaning of GCR 1963, 110 (MCR 2.110), it did serve to put plaintiff on notice as to Battle Creek Venture's theory as to why plaintiff should not prevail on the garnishments. The court rules are to be construed so that defects in the proceedings do not affect the substantial rights of the parties, GCR 1963, 13 (MCR 1.105). Justice would not be served in this cause by determining that intervention is not proper because a document was entitled an affidavit rather than an answer. Furthermore, as

pointed out in the briefs of Battle Creek Venture and Felpausch, the court rule governing garnishments rather broadly defines pleadings to include such items as affidavits and interrogatories. GCR 1963, 738.11(1) (MCR 3.101[M][2]). We conclude that substantial justice was served by allowing Battle Creek Venture to intervene and that an overly technical reading of the pleading requirements would not serve justice, nor is it required in order to preserve the rights of plaintiff.

Plaintiff also argues that Battle Creek Venture's motion to intervene was untimely. Again, we disagree. Felpausch filed its garnishee disclosure on May 31, 1983. Following discovery, the trial court entered an order on April 27, 1983, ordering Felpausch to pay the county clerk all future rental payments until the principal judgment was satisfied. Battle Creek Venture filed its motion to intervene on May 18, 1983. There is no evidence in the record below to suggest that Battle Creek Venture was aware of the April 27 order directing that rents go elsewhere. Once that order had been entered, Battle Creek Venture moved to intervene three weeks later.

The fact that orders had been entered as to future rentals from Felpausch and a default judgment as to Muir prior to the motion to intervene is not dispositive. It would be unjust to deny Battle Creek Venture the opportunity to intervene in this action, the result of which could adversely affect its interests. *Eastern Construction Co v Cole,* 52 Mich App 346, 350; 217 NW2d 108 (1974).

Plaintiff next argues that the trial court erred in setting aside its order of April 27, 1983, which ordered that Felpausch make all future rental payments to the county clerk. We disagee.

A judgment or final order in a garnishment action may be set aside in the same manner as in

any other civil action. GCR 1963, 738.13(6) (MCR 3.101[O]). The reasons for granting relief from a judgment are set forth in GCR 1963, 528.3:

".3 Mistakes; Inadvertence, Excusable Neglect; Newly Discovered Evidence; Fraud; Etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under subrule 527.2; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment order or proceeding was entered or taken. A motion under subrule 528.3 does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in subrule 528.2 above, or to set aside a judgment for fraud upon the court." (See MCR 2.612 for current provisions).

The decision to vacate a judgment is addressed to the discretion of the trial court and will not be reversed unless there is a clear abuse of that discretion. *Crew v Zabowsky,* 357 Mich 606, 609; 99 NW2d 542 (1959).

As we have concluded in connection with the setting aside of the default against Muir, we also conclude that there was no abuse of discretion in

setting aside the April 27, 1983, order. If, in fact, the rents in question belong to Battle Creek Venture rather than defendant Kensey, the trial court's action is certainly justified under GCR 1963, 738.13(6). Justice would not be served by extracting a judgment from one not connected with the grievance. *McDonough v General Motors Corp,* 6 Mich App 239, 246-247; 148 NW2d 911 (1967).

Plaintiff next argues that Battle Creek Venture, as an intervening party, had no standing to raise the claim that rental payments to defendant and his wife were entireties property and therefore exempt from garnishment by plaintiff, a creditor of the defendant husband only. Plaintiff did not, however, raise this issue in the trial court and therefore has not preserved the question for our consideration on appeal.[1]

Finally, plaintiff argues that the trial court erred in holding that property owned by the entireties may not be garnished by a single spouse's creditors. Again, we must disagree.

Contrary to plaintiff's assertion, there is no dis-

[1] Were we to consider this issue on the merits, we would conclude that Battle Creek Venture definitely had standing to raise the theory of defense under the rationale of *Board of Library Comm'rs of the Saginaw Public Libraries v Judges of the 70th District Court,* 118 Mich App 379, 385; 325 NW2d 777 (1982):

"The requirement that a party bringing a suit have standing is used to insure that only those who have a substantial interest in a dispute will be allowed to come into court to complain. *St John's—St Luke Evangelical Church, United Church of Christ v National Bank of Detroit,* 92 Mich App 1; 283 NW2d 852 (1979). The standing doctrine recognizes that litigation should be conducted only by a party having 'an interest that will assure sincere and vigorous advocacy'. *Michigan License Beverage Ass'n v Behnan Hall, Inc,* 82 Mich App 319, 324; 266 NW2d 808 (1978). Therefore, the threshold question is whether plaintiff has an interest in the outcome of this litigation sufficient to invoke the controversy resolving powers of the judiciary."

Battle Creek Venture has such an interest in this litigation. That its advocacy in this case is sincere and vigorous is indicated by the trial court's decision to accept its theory.

pute that the rental properties involved were held by defendant, Dr. Kenneth R. Kensey, and his wife, Dr. Rosemary Kensey, by the entireties. A question as to the existence of an estate by the entireties raises a presumption that when a property is held by both a husband and wife it was intended to create a tenancy by the entirety. *Butler v Butler*, 122 Mich App 361, 366; 332 NW2d 488 (1983). The record contains nothing to rebut this presumption and there was therefore no dispute as to this issue.

In Michigan, rents from property held by the entireties are not subject to garnishment to pay the debts of the husband. *Peoples State Bank of Pontiac v Reckling*, 252 Mich 383; 233 NW 353 (1930); *Battjes Fuel & Building Material Co v Milanowski*, 236 Mich 622; 211 NW 27 (1926). Plaintiff cites no case overruling these decisions nor are we aware of any such decision.

Plaintiff cites MCL 557.71; MSA 26.210(1), adopted in 1975, for the proposition that the Legislature has overruled the common-law provision that rents from properties by the entireties are not subject to garnishment by one spouse's creditor. That statute provides:

"A husband and wife shall be equally entitled to the rents, products, income, or profits, and to the control and management of real or personal property held by them as tenants by the entirety."

Again, however, plaintiff cites no cases which have construed the statute in such a way and we decline to do so. The effect of the statute is merely to modify the common-law rule that a husband had absolute control over property held by the entireties and the rent derived therefrom. To the extent that the material appended to plaintiff's

brief constitutes legislative history,[2] that legislative history does not support plaintiff's interpretation. Rather, it indicates that the intent of the statute was to equalize the right of control between husband and wife and to offset some adverse tax implications. We cannot read into the statute an intent to extinguish the estate by the entireties or to make an estate by the entireties or its rents subject to garnishment by the creditors of one spouse.

If, as argued by plaintiff, the estate by entireties has indeed outlived its usefulness and should be abolished, it is up to either the Legislature or the Supreme Court to make that determination. The last statements on this issue by the Legislature and by the Supreme Court have recognized the existence of an estate by the entireties. This Court is bound by those determinations.

After considering all the issues raised by the plaintiff, we conclude that the trial court acted properly in granting summary judgment in favor of Battle Creek Venture and, thus, in favor of the garnishee-defendants and against plaintiff, and that the decision of the trial court should be affirmed.

Our disposition of this matter makes consideration of the issue raised in the cross-appeals unnecessary.

Affirmed.

---

[2] Attached as appendices to plaintiff's brief were the recommendations of the Michigan Law Revision Commission relating to 1975 House Bill No. 4971, which was enacted as 1975 PA 288, and also the first analysis of the bill by the Analysis Section of the House of Representatives Judiciary Committee.