In the Matter of Dennis C. DOTY, Debtor.

Dennis C. DOTY, Plaintiff,

v.

The SECURITY TRUST & SAVINGS BANK, SHENANDOAH, IOWA, Defendant.

Bankruptcy No. 88–102–W J. Adv. No. 88–0096.

United States Bankruptcy Court, S.D. Iowa.

Aug. 22, 1989.

Charles L. Smith, Council Bluffs, Iowa, for debtor.

Harold N. Schneebeck, September Wethington–Smith, Des Moines, Iowa, for defendant.

Kevin R. Query, Des Moines, Iowa, Asst. U.S. Atty.

1. The dollar amount appears to represent the principal due and owing as of the petition date.

## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

LEE M. JACKWIG, Bankruptcy Judge.

On June 20, 1989 a telephonic hearing was held on defendant's motion for summary judgment and plaintiff's resistance thereto and on plaintiff's motion for summary judgment and defendant's resistance thereto. Charles L. Smith appeared on behalf of the plaintiff, Dennis C. Doty (Doty). Harold N. Schneebeck and September Wethington–Smith appeared on behalf of the defendant, Security Trust and Savings Bank, Shenandoah, Iowa (Bank).

### FACTUAL BACKGROUND

1. Doty filed a Chapter 7 petition on January 20, 1988. On Schedule A–2 he listed the Bank's secured claim as contingent/disputed in the total amount of $600,000.00 and secured by a 40 acre homestead (the Flinspach real estate) having a market value of $40,000.00. On Schedule B–4 he claimed his homestead exempt pursuant to Iowa Code section 561.16. No objection to the homestead exemption was filed.

2. On April 6, 1988 the Bank filed its proof of claim. The total amount claimed secured was $292,462.47.[1] No objection to the proof of claim has been filed.

3. On April 21, 1988 the Chapter 7 trustee filed his report of abandonment of property and report of trustee in a no-asset case.

4. On April 26, 1988 a general discharge of debt was entered in this case.

5. On May 12, 1988 Doty filed a complaint to determine the secured status of the Bank's claim pursuant to 11 U.S.C. section 506. Doty alleged that the Bank did not have a valid interest in the homestead and, in the alternative, that the property was insufficient to fully secure the Bank's claim. Doty's prayer reads:

WHEREFORE, Debtor–Plaintiff prays that this Court enter an order determin-

With interest as of that date, the total claim was $364,201.01.

ing the extent, if any, of the Defendant's lien on the aforesaid real estate; and, upon such determination, the Court enter an order requiring the release of liens which are invalid or totally unsecured and/or permitting the Debtor–Plaintiff to cure the defaults existing on those liens which are determined to be adequately secured; and, for such other and further relief as the Court deems just and equitable.

6. The Bank filed its answer on June 8, 1988. Then on December 29, 1988 the Bank filed a motion to dismiss the complaint. Following a telephonic hearing on March 14, 1989, the court denied that motion pursuant to Bankruptcy Rule 7012(b).

7. On March 23, 1989 the Bank filed a motion for reconsideration or, in the alternative, a motion for summary judgment. On May 1, 1989 the court denied the Bank's motion for reconsideration but granted the motion for summary judgment insofar as the Bank asked the court to construe the motion to dismiss as a motion for summary judgment. In accordance with Bankruptcy Rule 7056(c), the court gave Doty an opportunity to file a resistance to the motion for summary judgment.

8. On May 22, 1989 Doty filed his resistance and also filed a motion for summary judgment against the Bank.

9. On June 8, 1989 the Bank filed a resistance to Doty's motion.

10. The Bank's motion for summary judgment includes the following uncontested facts regarding the history of the transactions between Doty and the Bank:

a. On August 29, 1983, the defendant loaned the plaintiff $56,000.00 to enable him to make a down payment on the purchase of the Flinspach real estate. The plaintiff, in fact, applied the proceeds of the loan toward a down payment on the purchase of the Flinspach real estate.

b. On August 29, 1983, the plaintiff executed a promissory note, number 171990, in the principal amount of $56,-000.00, to enable the plaintiff to make a down payment on the purchase of the Flinspach real estate.

c. On November 3, 1983, note number 171990 was renewed into note number 172164. This note was subsequently renewed into note number 172950 on July 24, 1984, which was subsequently renewed into note number 173099 on September 14, 1984.

d. On November 30, 1983, the plaintiff assigned the Flinspach real estate contract to the defendant as collateral for the $56,000.00 loan.

## DISCUSSION

Bankruptcy Rule 7056 provides that Federal Rule of Civil Procedure 56 which governs summary judgments applies in bankruptcy adversary proceedings. The Eighth Circuit Court of Appeals has set forth the following standard:

Summary judgment is appropriate only when the moving party satisfies its burden of showing the absence of a genuine issue as to any material fact and that it is entitled to judgment as a matter of law. In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the opposing party and must give that party the benefit of all reasonable inferences to be drawn from the facts. This Court often has noted that summary judgment is "an extreme and treacherous remedy," and should not be entered "unless the movant has established its right to a judgment with such clarity as to leave no room for controversy and unless the other party is not entitled to recover under any discernible circumstances."

*Foster v. Johns–Manville Sales Corp.*, 787 F.2d 390, 391–92 (8th Cir.1986) (citations omitted).

In support of its motion for summary judgment, the Bank first argues that Doty can not employ section 506(a) to determine its allowed secured and unsecured claim because the collateral securing the debt was validly exempted from the bankruptcy estate. Citing *Matter of Hoyt*, 93 B.R. 540 (Bankr.S.D.Iowa 1988), the Bank further contends that section 506(d) must be read in conjunction with section 506(a) meaning

that Doty can not avoid under the former subsection what he can not determine under the latter subsection. Finally the Bank maintains that the *Hoyt* decision, which held that section 506(d) could not be utilized by a debtor to avoid the unsecured portion of an undersecured claim, controls the outcome in this case.

For his resistance to the Bank's motion for summary judgment, Doty challenges this court's *Hoyt* decision and respectfully asks the court to reconsider its position on lien avoidance under section 506(d). Additionally, with respect to the validity of the Bank's lien, Doty alleges in part that the Bank's present claim is not secured by any conveyance of his interest in the property in issue. That is, he contends that the most recent renewed note is not covered by the earlier assignment of the real estate contract. This argument, among others, is included in Doty's motion for summary judgment. At the June 20, 1989 telephonic hearing, the parties seemingly agreed that this particular validity issue was the only one suitable for summary judgment.[2] However, based on the *Hoyt* decision, the Bank challenged the court's jurisdiction to determine the legal issue with regard to the validity of the secured claim.

After reviewing the relevant filings by the parties and the tapes of the telephonic hearings, the court determines that the *Hoyt* decision does control the issues presented to the extent that Doty is trying to utilize section 506(d) to avoid the unsecured portion of the Bank's undersecured claim. The court finds that Congress did not intend that liens on fully secured or undersecured claims could be *avoided* by invoking sections 506(a) and (d).[3] The court concludes that an objection to claim pursuant to 11 U.S.C. section 502(b)(1)[4] and brought as an adversary proceeding in accordance with Bankruptcy Rule 3007[5] is the proper vehicle by which to establish the

---

2. In the resistance to the Bank's motion for summary judgment, Doty also contends that the conduct of the Bank constituted bad faith, misrepresentation, negligent misrepresentation, fraud and a breach of fiduciary duty, of confidential relationship and of oral contract which would prevent the Bank from exercising any rights under the assignment of the real estate contract.

3. "Subsection (d) permits liens to pass through the bankruptcy case unaffected. However, if a party in interest requests the court to determine and allow or disallow the claim secured by the lien under section 502 and the claim is not allowed, then the lien is void to the extent that the claim is not allowed." H.R. 95-595, 95th Cong., 1st Sess. 357 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6313.

4. Section 502(a) provides in part that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest ... objects".

Section 502(b) states in part that:
(b) ... if such objection to a claim is made, the court, after notice and a hearing, shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, except to the extent that—
(1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured;

5. Bankruptcy Rule 3007 provides:
An objection to the allowance of a claim shall be in writing and filed with the court. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.
In turn, Bankruptcy Rule 7001 states:
An adversary proceeding is governed by the rules of this Part VII. It is a proceeding (1) to recover money or property, except a proceeding to compel the debtor to deliver property to the trustee, or a proceeding under § 554(b) or § 725 of the Code, Rule 2017, or Rule 6002, (2) to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d), (3) to obtain approval pursuant to § 363(h) for the sale of both the interest of the estate and of a co-owner in property, (4) to object to or revoke a discharge, (5) to revoke an order of confirmation of a chapter 11 or chapter 13 plan, (6) to determine the dischargeability of a debt, (7) to obtain an injunction or other equitable relief, (8) to subordinate any allowed claim or interest, except when subordination is provided in a chapter 9, 11, or 13 plan, (9) to obtain a declaratory judgment relating to any of the foregoing, or (10) to

premise upon which section 506(d) takes effect. That is, if the underlying claim is disallowed, the lien is *void* even if the claim had otherwise been undersecured or even fully secured.

At the outset of the analysis, the court notes parenthetically that, unlike the situation in the *Hoyt* case, the property in issue herein has been claimed exempt. 11 U.S.C. § 522(c)(2)(A) provides:

(c) Unless the case is dismissed, property exempted under this section is not liable during or after the case for any debt of the debtor that arose, or that is determined under section 502 of this title as if such debt had arisen, before the commencement of the case, except—

. . . . .

(2) a debt secured by a lien that is—
(A)(i) not *avoided* under subsection (f) or (g) of this section or under section 544, 545, 547, 548, 549, or 724(a) of this title; and
(ii) not *void* under section 506(d) of this title; . . . (Emphasis added.)

Like the debtors in *Hoyt*, Doty seeks to avoid the unsecured portion of the undersecured claim of the creditor pursuant to section 506(d) which states:

To the extent that a lien secures a *claim* against the debtor that is *not* an *allowed* secured claim, such *lien* is *void* unless—
(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim

under section 501 of this title. (Emphasis added.)

In *Hoyt*, this court stated that section 506(d) must be read in conjunction with section 506(a) which provides in relevant part:

An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the *estate's interest in such property* . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. *Such value shall be determined* in light of the purpose of the valuation and of the proposed disposition or use of such property, and *in conjunction with any hearing on such disposition or use* or on a plan affecting such creditor's interest. (Emphasis added.)

*Id.* at 542. The comment that the sections must be read together was for the sake of comparison and analysis, and was not meant to imply that a lien on a claim that was totally unsecured as of the petition date or that was disallowed under section 502(b) would not be *void* by operation of section 506(d) regardless of section 506(a).[6]

The Bank is correct in stating that Doty can not use section 506(a) to determine to what extent its undersecured claim is secured and unsecured because the estate does not have an interest in the exempt property. *Matter of Lassiter*, 104 B.R. 119 (Bankr.S.D.Iowa 1989). However, whereas section 506(a) focuses on the extent of the allowed secured claim and the resultant unsecured claim,[7] section 506(d)

determine a claim or cause of action removed pursuant to 28 U.S.C. § 1452.

**6.** Indeed, one of the many reasons the court concludes that Congress did not contemplate that section 506(d) be employed as an "avoidance" tool in conjunction with section 506(a) is that it makes no reference to its fellow subsection. As can be seen from the quoted portion of section 522(c) in the text of this decision and from a perusal of the Code as a whole, Congress was not timid in specifically referencing and cross-referencing sections and subsections when it saw fit.

**7.** Bankruptcy Rule 3012 provides:

The court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim and any other entity as the court may direct.

Noticeably, this Rule does not refer to Rule 7001 as did Rule 3007. The Advisory Committee Note for Rule 3012 is instructive:

Pursuant to § 506(a) of the Code, secured claims are to be valued and allowed as secured to the extent of the value of the collateral and unsecured, to the extent it is enforceable, for the excess over such value. The valuation of secured claims may become im-

addresses "a claim" that is "an allowed secured claim" without deference to the actual extent of the secured portion of the claim. Hence, if the Bank were totally unsecured, not merely undersecured, the fact that the debtor could not use section 506(a) in this case to determine there was "no extent" of a secured claim would not mean that the Bank's lien would not be void. Certainly its claim would not be *an* allowed secured claim and, therefore, would be *void* by operation of law.[8]

11 U.S.C. section 102(2) provides that a "claim against the debtor" encompasses a "claim against property of the debtor". However, whereas a "claim" is broadly defined by 11 U.S.C. section 101(4) and contemplates both secured and unsecured rights to payment, section 101(33) limits a "lien" to a "charge against or interest in property to secure payment of a debt or performance of an obligation". A claim may exist without a lien but a lien can not exist without a claim. Thus, a lien is also *void* by operation of section 506(d) if the claim which it secures is disallowed under section 502, except as qualified in section 506(d)(1) and (2).

Here the Bank filed its proof of claim pursuant to section 501. Doty has not objected to the "claim" pursuant to section 502 and Bankruptcy Rule 3007. Certainly the validity issue raised in Doty's motion for summary judgment questions the nature of the claim, not the extent of the unsecured and secured portions of the Bank's undersecured claim. Doty can not now transform the complaint to determine secured status and "to avoid" lien under section 506 into an objection to the Bank's proof of claim for the purpose of having

the claim disallowed under section 502(b). The ultimate relief requested in both the pending complaint and in Doty's motion for summary judgment depends upon a favorable determination under section 502(b).

## CONCLUSION

WHEREFORE, based on the foregoing discussion, the court hereby finds that:

1. No material question of fact exists with respect to the issues presented and the defendant is entitled to judgment as a matter of law and the plaintiff is not.

2. Doty can not utilize section 506(a) to determine the allowed amount of the secured and unsecured portion of the Bank's undersecured claim and then employ section 506(d) to extinguish the lien on any unsecured portion.

3. As of the petition date, the Bank's claim was undersecured, not unsecured, and therefore the lien securing that claim is not void on that basis pursuant to section 506(d).

4. Since the present complaint is based on sections 506(a) and (d), not on section 502(b) and Bankruptcy Rule 3007, the court can not properly determine whether the undersecured claim should not be an allowed secured claim which, in turn, would provide the premise upon which section 506(d) would take effect.

## ORDER

THEREFORE, IT IS HEREBY ORDERED that:

1. The plaintiff's motion for summary judgment is denied;

---

portant in different contexts, e.g., to determine the issue of adequate protection under § 361, impairment under § 1124, or treatment of the claim in a plan pursuant to § 1129(b) of the Code. This rule permits the issue to be raised on motion by a party in interest. The secured creditor is entitled to notice of the hearing on the motion and the court may direct that others in the case also receive such notice.

An adversary proceeding is commenced when the validity, priority, or extent of a lien is at issue as prescribed by Rule 7001. That proceeding is relevant to the basis of the lien

itself while valuation under Rule 3012 would be for the purposes indicated above.

8. *In re Tanner,* 14 B.R. 933 (Bankr.W.D.Pa.1982) is often cited as the seminal decision for the line of case authority which holds that a debtor may use section 506(d) to avoid liens. This court points out that the debtors in *Tanner* sought *to avoid* a totally unsecured mortgage lien. Under this court's rationale, that lien was *void* by operation of section 506(d) on the controlling fact of the case—that the claim was unsecured as of the petition date and necessarily could not be *an* allowed secured claim.

2. The defendant's motion for summary judgment is granted; and

3. This adversary proceeding is dismissed.