**In re Larry L. MILLER and Beverly L. Miller, Debtors.**

**William H. CHRISTISON, Trustee, Plaintiff,**

v.

**MORTON COMMUNITY BANK, Defendant.**

Bankruptcy No. 90–80315.

Adv. No. 90–8163.

United States Bankruptcy Court, C.D. Illinois.

Jan. 23, 1991.

Andrew W. Covey, Baymiller, Christison, Radley & Covey, Peoria, Ill., for plaintiff.

Gary T. Rafool, Peoria, Ill., for defendant.

OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

On October 30, 1985, to secure a $56,000.00 loan, the Debtors gave the Morton Community Bank ("Bank") a first mortgage requiring monthly principal and interest payments of $610.00 and monthly escrow payments for taxes. Approximately two years later, on November 2, 1987, to secure a $10,000.00 loan, the Debtors gave the Bank a second mortgage requiring monthly principal and interest payments of $100.00. Several years later, within 90

days of filing their Chapter 7 proceeding, the Debtors made the following payments to the Bank: On November 21, 1989, a $2,580.00 payment, of which $1,280.12 was applied towards interest on the first mortgage, $1,065.88 towards principal on the first mortgage, and $234.00 towards the tax escrow; also on November 21, 1989, a $100.00 payment which was applied towards interest on the second mortgage; on December 14, 1989, a $700.00 payment, of which $402.08 was applied towards interest on the first mortgage, $219.92 towards principal on the first mortgage, and $78.00 towards the tax escrow; on January 5, 1990, another $700.00 payment, of which $382.94 was applied towards interest on the first mortgage, $239.06 towards principal on the first mortgage, and $78.00 towards the tax escrow.

The Debtors filed their Chapter 7 proceeding on February 14, 1990. At the time of the Chapter 7 filing the value of the mortgage property was $62,000.00, and the Bank was owed $50,587.23 on the first mortgage, and $9,498.23 on the second mortgage. The Bank filed a single proof of claim for $60,085.46, plus $19.92 interest, and attached both notes and mortgages. Pursuant to Section 547 of the Bankruptcy Code (11 U.S.C. Section 547), the Chapter 7 Trustee filed a preference action against the Bank. The Bank filed an answer denying a preference. Both the Trustee and the Bank filed Motions for Summary Judgment. By his motion the Trustee is seeking to recover $1,542.48 which he asserts is the difference between $63,542.48, the amount due the Bank on the two mortgages on the date of the bankruptcy had the payments not been made, and $62,000.00, the value of the property on the date of the bankruptcy.

The only issue before the Court is whether the payments to the Bank enabled it to receive more than it would have received had the payments not been made and the estate liquidated. The Trustee relies on *Barash v. Public Finance Corp.*, 658 F.2d 504 (7th Cir.1981), and argues that the two

mortgage loans must be taken as one, that when they are, the Bank is undersecured in the amount of $1,542.48, and that the payments allowed the Bank to recover more than it would through liquidation, as it would only get $62,000.00 through liquidation where now it will receive $62,000.00 plus the payments.[1]

The Bank argues, first, that the two mortgages should be considered separately, and when this is done the Bank is oversecured as to the first mortgage. Therefore, it is not covered by the holding in *Barash*, and, relying on Horn Book Law that payments to an oversecured creditor are not preferential, the Bank does not get more than it would through a liquidation. Second, the Bank argues that as to the $100.00 payment on the second mortgage, it is protected by the provision of Section 547(c)(7) which excepts in certain situations from the preference provision transfers of less than $600.00.

In the context of the facts of this case, the issue appears to be one of first impression. Neither party has submitted any authority directly on point and the Court has not been able to locate any. For the following reasons, it is this Court's opinion that the issue should be resolved in favor of the Bank. The starting point for this conclusion is the wording of the Bankruptcy Code. Section 547(b) provides that the trustee may avoid any transfer that was made on account of an antecedent "debt". Section 101(11) of the Bankruptcy Code defines "debt" to mean "liability on a claim." That section likewise defines the term "claim" to mean "a right to payment." If the Bank has but a single claim a preference would exist. If it has two claims, it doesn't.

Although the Bank filed a single proof of claim, this Court can look to the underlying facts to determine if the proof of claim includes more than one claim. *See, In re Simpkins*, 16 B.R. 956 (Bkrtcy.E.D.Tenn. 1982). An analysis of the underlying facts

---

1. Both parties argued their motion for summary judgment based upon these values. Apparently there is no need to consider the Debtors' other assets and the amount of claims of other creditors.

leads this Court to the conclusion that the Bank held separate claims. The two loans were separate transactions made approximately two years apart, involving separate notes and mortgages, with separate terms and conditions. Under non-bankruptcy law, each is treated as a separate obligation and would have to be enforced through separate legal proceedings.[2] The large payment made on November 21, 1989, was made on the first mortgage and in part appears to be one to cover arrearages, while the other payments appear to be made in accordance with the payment terms of the two notes. When the Debtors filed their bankruptcy, the debts came into Bankruptcy Court as separate obligations. Being separate obligations, they are entitled to separate treatment under the Code. That being true, then the Bank's position is correct, and for the purposes of Section 547, the first mortgage should be considered as an oversecured loan.

If the Bank, in fact, held a single mortgage, it would be undersecured and the payments would be applied to the undersecured portion of the debt and constitute a preference. It is clear that by accepting the Bank's position, the practical effect is that the Bank gets better treatment by holding two mortgages, than if it held only one, in that the value of the second mortgage to the Bank was increased through the payments on the first mortgage, as the payments on the first mortgage increased the Debtors' equity which in turn was consumed by the Bank's second mortgage. But it is equally clear that if a third party held the second mortgage, it would receive the same benefits from the payments applied to the first mortgage without constituting a preference.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

See written Order.

## ORDER

For the reasons set forth in the Opinion entered this day;

IT IS, THEREFORE ORDERED:

1. That the Defendant's Motion for Summary Judgment is GRANTED.

2. That the Plaintiff's Motion for Summary Judgment is DENIED and the complaint is dismissed and that judgment is entered in favor of the Defendant and for costs.

---

2. Not necessarily separate foreclosure suits, but at least separate allegations and possibly separate counts to show the default of each loan and the right to enforce each note and mortgage.