SCD CHEMICAL DISTRIBUTORS, INC v MAINTENANCE
RESEARCH LABORATORY, INC

Docket No. 122393. Submitted February 19, 1991, at Detroit. Decided
July 17, 1991; approved for publication August 29, 1991, at 9:05
A.M.

SCD Chemical Distributors, Inc., brought an action in the Wayne
Circuit Court against Maintenance Research Laboratory, Inc.,
and obtained a judgment for $28,360.11. In an attempt to
satisfy its judgment, SCD Chemical obtained writs of garnish-
ment against three debtors of Maintenance Research whose
debts collectively represented $28,834.60 of Maintenance Re-
search's accounts receivable and moved for entry of an order of
payment by the garnishee defendants. Security Bank & Trust
Company, claiming that Maintenance Research had defaulted
on a $55,212.84 loan secured by all of Maintenance Research's
assets, including the accounts receivable, moved to intervene
and sought an order of payment by the garnishee defendants.
SCD Chemical moved to require Security Bank & Trust to
marshal Maintenance Research's other assets before seeking to
recover on the garnished accounts receivable. The court, Sam-
uel A. Turner, J., ordered that the garnished funds be paid to
the court, allowed Security Bank & Trust to intervene, denied
SCD Chemical's motion for marshaling of assets, and ordered
payment of the garnished funds to Security Bank & Trust. The
court determined that the secured interest of Security Bank &
Trust in the accounts receivable was senior to the interest of
SCD Chemical in the same accounts. SCD Chemical appealed.

The Court of Appeals *held:*

The equitable remedy of marshaling of assets exists for the
benefit of persons who hold a subordinate secured claim in
property. Thus, where a senior creditor has a lien against two
funds or parcels and the junior lienor has a lien against only
one of those properties, a court of equity may compel the
former to satisfy its claim out of the property that is encum-
bered by only its lien. The remedy, however, does not apply
where it cannot be invoked without prejudicing or injuring the
rights of the senior creditor or where it would harm the
interests of a third party.

In this case, the trial court erred in ordering payment *to*

Security Bank & Trust and in denying SCD Chemical's motion for marshaling of assets without first determining the nature and extent of Maintenance Research's assets not subject to SCD Chemical's lien and whether marshaling of assets, if ordered, would prejudice or injure the rights of Security Bank & Trust or harm the interests of third parties. Remand is required for an evidentiary hearing and a decision by the trial court regarding whether, in light of the considerations described above, marshaling of assets would be appropriate in this case.

Reversed and remanded.

REILLY, P.J., concurring, stated that there should not be an unlimited evidentiary hearing on remand unless SCD Chemical, after limited discovery, first makes some showing to support its claim that Maintenance Research has other assets available for marshaling.

*Michael S. Freud,* for SCD Chemical Distributors, Inc.

*Shaheen, Jacobs & Ross, P.C.* (by *Steven P. Ross* and *Margaret M. Conti*), for Security Bank & Trust Company.

Before: REILLY, P.J., and SHEPHERD and MARILYN KELLY, JJ.

PER CURIAM. Plaintiff appeals as of right the trial court's orders granting intervening plaintiff's motion for an order to pay and denying plaintiff's motion for marshaling of assets. We reverse and remand for further proceedings regarding the question whether intervening plaintiff should be required to marshal its debtor's assets that are not subject to plaintiff's lien.

Plaintiff, an unsecured supplier of the principal defendant, Maintenance Research Laboratory, Inc., obtained a judgment for $28,360.11 plus interest against defendant in May, 1989, and thereafter, in an effort to satisfy its judgment, it garnished three of defendant's accounts receivable. The combined sum owed to defendant by the garnishee defen-

dants was $28,834.60. Plaintiff then moved for an order to pay, but before that motion was heard, Security Bank and Trust Company filed a motion to intervene and a proposed order to pay, claiming that defendant owed it $55,212.84 on a defaulted loan and that it held a perfected security interest in all of defendant's assets, including its accounts receivable. Plaintiff then filed a motion to require the bank to marshal defendant's other assets before seeking to recover the garnished accounts receivable.

The court ordered that the garnished funds be paid to the court and eventually allowed the bank to intervene. After several hearings regarding the various motions, the court found there was nothing to indicate that the bank's interest in the accounts receivable was not senior to plaintiff's and thus it granted the bank's motion for an order to pay. Over plaintiff's objection, its motion to require the bank to marshal defendant's other assets was denied, the court apparently believing that the fact of the bank's senior perfected security interest was dispositive of the matter.

Before addressing the primary issue on appeal, we initially note that, contrary to plaintiff's assertion, the bank's motion for an order to pay was sufficient to inform plaintiff of all the bank's claims. While the bank did not technically comply with MCR 2.209(C), which requires that a motion to intervene include the grounds for intervention and be accompanied by a pleading stating such grounds, we will not reverse the trial court's decision to allow intervention on the ground urged by plaintiff. See *SNB Bank & Trust v Kensey,* 145 Mich App 765, 772; 378 NW2d 594 (1985), in which the Court would not indulge in an overly technical reading of the rule where the interest of justice would not be served.

Plaintiff's primary contention on appeal is that the trial court erred in denying its motion for marshaling without an evidentiary hearing and further asks this Court to find that the bank should have been required to marshal defendant's other assets. We agree with the former contention but decline to address the latter.

As was stated in *In re Price,* 50 Bankr 226 (ED Mich, 1985), the equitable remedy of marshaling of assets exists for the benefit of persons who hold a subordinate secured claim in property; where a senior creditor has a lien against two funds or parcels and the junior lienor has a lien against only one of those properties, a court of equity may compel the former to satisfy its claim out of the property that is encumbered by only its lien. However, application of the doctrine is limited in that it will not be allowed if it cannot be invoked without prejudicing or injuring the rights of the senior creditor or where it would harm the interests of a third party.

In the present matter, there was and is little, if any, dispute that the bank's interest in the three accounts receivable is superior to plaintiff's. However, this should not have ended the query, for such fact is assumed for purposes of invoking the remedy of marshaling of assets. We therefore find that the order to pay and the order denying plaintiff's motion for marshaling were prematurely entered and must be reversed and this matter remanded for an evidentiary hearing in connection with plaintiff's motion. At that hearing, which should be held only after the parties have been given sufficient opportunity to conduct the necessary discovery, the trial court should decide whether marshaling should be ordered after determining the nature and extent of defendant's assets not subject to plaintiff's lien and whether marshal-

ing would prejudice or injure the rights of the bank or harm the interests of third parties.

Reversed and remanded.

REILLY, P.J. *(concurring)*. I agree that plaintiff should be given an opportunity to show that defendant has other assets that are not subject to plaintiff's lien and should be marshaled by the bank before the bank is allowed to take control of the assets plaintiff claims under its garnishment. However, I do not believe an evidentiary hearing is mandated until plaintiff offers the court some factual basis to support its allegations that other assets of the defendant are available.

A remand for an evidentiary hearing will only increase the costs to the parties involved, further depleting the limited funds available. The parties agree that at the time of the hearing, defendant's assets totalled approximately $69,000 and that the bank was owed approximately $55,000. The bank claims an additional $23,000 to cover costs and so forth. The plaintiff should be required to make some showing to support its claim that defendant has other assets available for marshaling before requiring extensive discovery and an unlimited evidentiary hearing.

I concur in the remand, but would only require the trial court to allow the plaintiff, after limited discovery, to make an offer of proof showing the need for an evidentiary hearing. If the plaintiff meets that burden, then it should be allowed to conduct further discovery and present evidence at a hearing.