**In re Victor and Linda SPANIAK, Debtors.**

**James W. BOYD, Plaintiff,**

v.

**OLD KENT BANK—PETOSKEY, and Victor and Linda Spaniak, Defendants.**

Bankruptcy No. GT96–83472.
Adversary No. 97–88206.

United States Bankruptcy Court,
W.D. Michigan.

June 26, 1998.

A. Brooks Darling, Traverse City, MI, for James W. Boyd.

Frederick R. Bimber, Traverse City, MI, for Old Kent Bank–Petoskey.

Wallace H. Tuttle, Traverse City, MI, for Victor and Linda Spaniak.

### OPINION REGARDING CROSS-MOTIONS FOR SUMMARY JUDGMENT

JAMES D. GREGG, Chief Judge.

#### I. Introduction

Relying on the "strong-arm" powers of 11 U.S.C. § 544, chapter 7 trustee James W. Boyd ("Trustee") commenced this adversary proceeding against defendant Old Kent Bank—Petoskey ("Old Kent") to avoid Old Kent's security interest in a certain mobile home owned by Victor and Linda Spaniak ("Debtors"). The Debtors intervened in this action, with the consent of the other parties, to protect whatever rights they may have to claim an exemption in the mobile home. The Trustee and Old Kent have each filed their respective motions for summary judgment. For reasons that follow, the court grants the Trustee's motion to avoid the lien on the mobile home. Under the facts of the case, however, the lien, though automatically preserved under 11 U.S.C. § 551, is without value to the estate.

#### II. Jurisdiction

The court has jurisdiction over this case pursuant to 28 U.S.C. § 1334 and Local Rule 83.2(a) of the United States District Court for the Western District of Michigan (formerly Local Rule 57). This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(K), because it involves the determination of the

validity and extent of Old Kent's security interest in the mobile home.

### III. *Standards for Summary Judgment*

The summary judgment analysis under Fed.R.Civ.P. 56(c), made applicable to bankruptcy adversary proceedings by Fed R. Bankr.P. 7056, is familiar: summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *McCafferty v. McCafferty (In re McCafferty)*, 96 F.3d 192, 195 (6th Cir.1996) (*citing Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)); *Official Unsecured Creditors Comm. of Long Dev., Inc. v. Oak Park Village Ltd. Partnership (In re Long Dev., Inc.)*, 211 B.R. 874, 878 (Bankr.W.D.Mich.1995), *aff'd*, 117 F.3d 1420 (6th Cir.1997) (table decision affirming district court's unpublished order affirming bankruptcy court). Any inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *In re McCafferty*, 96 F.3d at 195 (*citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). This analysis does not change simply because the parties have submitted cross-motions. *Taft Broadcasting Co. v. United States*, 929 F.2d 240, 248 (6th Cir.1991); *Perkins v. United States (In re Perkins)*, 216 B.R. 220, 222 (Bankr.S.D.Ohio 1997). Rather, the court must review the evidence for genuine issues of material fact and "evaluate each party's motion on its own merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Taft Broadcasting*, 929 F.2d at 248.

In this adversary proceeding, the parties have agreed upon the material, uncontested facts. *See* Stipulation of Facts dated March 24, 1998 ("Stipulation").

### IV. *Issues*

In view of the stipulated facts, and as set forth in the First Pretrial Order, the court must decide three legal issues: (1) whether the Trustee may avoid Old Kent's unperfected security interest in the mobile home; (2) whether the Trustee may preserve the avoided security interest for the benefit of the estate; and (3) assuming the avoidance and preservation of the security interest, whether the debtors may exempt the mobile home from the security interest.

### V. *Facts*

The Debtors owe Old Kent approximately $12,000 ("Claim"). The Claim is secured by two pieces of collateral, *i.e.*, real property on which is situated a mobile home. *See* Stipulation at ¶¶ 2–3, 5. Old Kent holds a duly-recorded mortgage on the real estate, but Old Kent "has not placed a lien on the certificate of title" for the mobile home. *Id.* at ¶ ¶ 1, 6. The value of the land, irrespective of the value of the mobile home, exceeds the amount of the Claim, as of the filing of the bankruptcy and at present. *Id.* at ¶ 4. The parties have not agreed whether the mobile home is a fixture, or in other words, whether the mobile home is "so related to particular real estate that an interest in [it] arises under real estate law." *See* Mich. Comp. Laws Ann. 440.9313(1)(a). The parties have agreed to bifurcate the fixture issue, and litigate it only in the event it becomes necessary to do so.

### VI. *Discussion*

The court's first task is to determine whether Old Kent holds a single claim or two separate claims, because this determination will affect its decision. *Cf. Christison v. Morton Community Bank (In re Miller)*, 123 B.R. 46 (Bankr.C.D.Ill.1991) (mortgagee that held first and second mortgage treated as holding two claims for purposes of preference analysis because "if a third party held the second mortgage it, would receive the same benefits from the payments applied to the first mortgage without constituting a preference"). This determination is important because the extent of the security interest that the Trustee seeks to avoid and preserve will be measured by the amount of Old Kent's Claim.

From the Stipulation, it appears that the parties have treated Old Kent as having a single claim in the amount of $12,000, which is secured by a "collateral package" consist-

ing of the real estate and the mobile home.[1] "The fact that there is more than one item of security for that claim does not entitle [the Trustee] to allocate the security as [he] pleases and bifurcate the single claim into two claims." *In re Borges,* 184 B.R. 874, 883 (Bankr.D.Conn.1995). The court, therefore, finds that Old Kent has a single claim, secured by two items of collateral, the real estate and the mobile home.

With respect to Old Kent's security interest in the real estate, there is no dispute that Old Kent duly recorded its mortgage. Indeed, the Trustee does not seek to avoid Old Kent's lien on the land.

■ With respect to Old Kent's security interest in the mobile home, there is no dispute that Old Kent "has not placed a lien on the certificate of title." Old Kent's security interest in the mobile home is not perfected because Old Kent failed to comply with the applicable statute. *See* Mich. Comp. Laws Ann. § 125.2330d (governing the creation of security interests in mobile homes).

■ Because Old Kent's security interest in the mobile home is unperfected, the Trustee (as a hypothetical "lien creditor" under 11 U.S.C. § 544(a)) has priority over Old Kent, as the holder of an unperfected security interest. *See* Mich. Comp. Laws Ann. § 440.9301(1)(b). By operation of law under 11 U.S.C. § 551, Old Kent's security interest is automatically "preserved for the benefit of the estate...." Because the Trustee, however, obtains no greater rights upon the avoidance of the security interest than Old Kent possessed prior to the avoidance, the court must determine the extent of the lien that is preserved.

■ The Uniform Commercial Code, as enacted in Michigan, defines security interest as "an interest in personal property or fixtures *which secures payment or performance of an obligation.*" Mich. Comp. Laws Ann. § 440.1201(37) (emphasis added). The Bankruptcy Code definition of "security interest" is quite similar. *See* 11 U.S.C. § 101(37) & 101(51). The italicized phrase in effect codifies the common law rule that a lien does not exist apart from the obligation or debt that it secures. *See Doty v. Security Trust & Sav. Bank (In re Doty),* 104 B.R. 133, 137 (Bankr. S.D.Iowa 1989) ("A claim may exist without a lien but a lien can not exist without a claim"); *see also Commerce Fed. Sav. Bank v. FDIC,* 872 F.2d 1240 (6th Cir.1989); *In re Maryville Savings & Loan Corp.,* 760 F.2d 119 (6th Cir.1985); *Ginsberg v. Capitol City Wrecking Co.,* 300 Mich. 712, 717, 2 N.W.2d 892 (1942). In describing the nature of a mortgage, a type of lien which is analogous to a security interest, the Michigan Supreme Court long ago observed that a mortgage is "mere security for the debt or liability secured by it ... and that payment, release, or anything which extinguishes the debt, extinguishes the mortgage." *Ginsberg,* 300 Mich. at 717, 2 N.W.2d 892 (*citing Ladue v. Detroit & Milwaukee R.R. Co.,* 13 Mich. 380 (1865)). There exists no principled rationale to treat security interests in personalty any differently. When a debt is extinguished, an attendant security interest is also extinguished.

Returning to this adversary proceeding, if there is an avoided security interest in the Debtors' mobile home for the trustee to preserve, there must also be some related "claim" or "debt" that the avoided lien secures and that defines the extent of the preserved lien. *See* 11 U.S.C. §§ 101(5) (definition of claim), 101(12) (definition of debt), 101(37) (definition of lien), 101(54) (definition of security interest). The only such claim, however, is Old Kent's Claim. The uncontested facts establish that Old Kent's Claim will be fully satisfied from the unavoidable mortgage lien on the real property. *See* Stipulation at ¶ 4 ("The value of the land subject to the Old Kent Bank Mortgage, *without any consideration of the value of the Mobile Home,* exceeds the amount of the Old Kent Bank debt....") (emphasis added). Thus, upon satisfaction of Old Kent's Claim from the land (a foregone conclusion given

---

1. The second sentence of the Trustee's memorandum of law acknowledges that Old Kent's Claim arose out of a single transaction involving the Debtors' financing of their purchase of the mobile home. This adversary proceeding does not involve an instance in which a creditor holds two distinct claims, each supported by a security interest in separate collateral. If such facts existed, the court's analysis would be different.

paragraph 4 of the Stipulation), the security interest will be automatically extinguished.[2]

Therefore, this court holds that the Trustee partially prevails on this motion, because Old Kent's lien on the mobile home is unperfected and therefore must be avoided. 11 U.S.C. § 544(a). The avoided lien, however, is valueless because it is not supported by any remaining debt. Therefore, the Debtors' exemption, either as now listed or as may be amended in light of this opinion, is, as a practical matter, not affected by the Trustee's preserved, but valueless, lien.[3]

■ The Trustee's invocation of the doctrine of marshaling, even assuming that doctrine were applicable,[4] does not change the result. At most, it would require Old Kent to satisfy its Claim out of the land before looking to the mobile home for satisfaction. *See SCD Chem. Dist., Inc. v. Maintenance Research Lab., Inc.*, 191 Mich.App. 43, 46,

477 N.W.2d 434, 435–36 (1991). But, as noted above, after Old Kent satisfies itself from the land, its security interest in the mobile home would be extinguished.[5] Because the Trustee succeeds *only* to the rights that Old Kent could have exercised, and because those rights are limited by the extent of Old Kent's Claim which is fully supported by the non-avoidable mortgage interest, the Trustee is left without remedy and the doctrine of marshaling provides no relief. In short, the Trustee's strong-arm powers would not permit him to exact more from the collateral than Old Kent might have realized but for the avoidance.

## VII. Conclusion

For the reasons discussed above, Old Kent's security interest is avoided under 11 U.S.C. § 544(a). The avoided lien is preserved for the benefit of the estate under 11

**2.** Until that time, Old Kent's Claim provides the debt that is essential to the existence of the lien, because, but for the filing of the Debtors' petition in bankruptcy, Old Kent would have had the option of enforcing its claim against either, or both, of the two types of collateral. After the avoidance of the mobile home security interest, however, Old Kent no longer has that option. It must be, and shall be (pursuant to the Stipulation), fully satisfied from the mortgaged real property.

**3.** Debtors may only exempt their "aggregate interest"in residential property. *See* 11 U.S.C. § 522(d)(1). In the usual case, therefore, debtors cannot claim an exemption in the residential property to the extent that the property is encumbered by a valid security interest. The situation does not change when the Trustee avoids a lien pursuant to the Code's § 544 strong-arm powers, because the lien is preserved for the benefit of the estate (rather than the debtors). *Id.* § 551. In this adversary proceeding, however, because the court finds that the avoided lien, though preserved, is valueless, the avoided lien will not interfere with the Debtors' ability to claim exemptions in the mobile home.

**4.** The doctrine of marshaling cannot apply under the circumstances of this case because the doctrine depends, *inter alia*, upon the existence of two funds and two secured creditors, one of whom may resort to either or both of the funds, and one of whom may resort to only one of the funds. *See SCD Chem. Dist., Inc. v. Maintenance Research Lab., Inc.*, 191 Mich.App. 43, 46, 477 N.W.2d 434 (1991). Under no circumstances will those prerequisites occur in this adversary proceeding. For instance, if the court avoids Old

Kent's security interest, the doctrine will be inapplicable because of the absence of *two* secured creditors claiming an interest in a common piece of collateral—the mobile home. As a matter of law, after avoidance, Old Kent will be barred from asserting that interest. On the other hand, if the court does not avoid Old Kent's security interest, the Trustee would not succeed to Old Kent's rights under section 551. If the Trustee does not succeed to Old Kent's rights under section 551, the doctrine would not apply, again because of the absence of *two* secured creditors—Old Kent will have the only secured claim. Moreover, the court doubts that the Trustee, simply by virtue of his status under section 544, can invoke the doctrine. *See In re Borges*, 184 B.R. at 881 ("Because the mortgagees and the debtor in the role of a hypothetical judicial lien creditor all hold liens on both parcels, the doctrine of marshaling is facially inapplicable."). Even if he could, he could not use the doctrine to the detriment of the senior secured party. *SCD Chem. Dist., Inc.*, 191 Mich.App. at 46, 477 N.W.2d at 436.

**5.** The result, of course, would be different if Old Kent were undersecured, because in that case the sale of the real property collateral would not extinguish the debt. Under such circumstances, the deficiency claim defines the extent of the avoided security interest that will be preserved for the benefit of the estate under section 551. Therefore, in instances in which a creditor is undersecured, a court will be required to make findings of the value of the real property and the total debt supported by the mortgage and security interest in the personalty, thereby calculating the deficiency.

U.S.C. § 551. However, based upon the facts of this adversary proceeding, because there exists no remaining debt to support the preserved lien, the lien is valueless to the estate. The Debtors may therefore exempt the property, either as now listed or pursuant to an amended list, under 11 U.S.C. § 522. An order shall be entered accordingly.